UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | EDCV 10-1365 CAS (DTBx) | Date | November 18, 2010 |
| Title | BETTY JEAN HARRIS v. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (In Chambers:) PETITION FOR INJUNCTION OF CASE NO. ED CV10-1365 BACK TO PROPER COURT CIVIL CASE NO: 10013595 OF QUITE TITLE IN RIVERSIDE AND MOTION TO DISMISS CLAIM OF DEFENDANTS (filed 10/13/10)

**DEFENDANTS' MOTION TO DISMISS** (filed 10/13/10)

The Court finds these motions appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

On July 8, 2010, plaintiff filed a complaint in the Riverside County Superior Court. On September 9, 2010, defendants removed the suit to the Central District of California, and the suit was assigned to this Court on September 13, 2010.

On October 13, 2010, defendants filed the instant motion to dismiss. On October 29, 2010, plaintiff filed an affidavit/affirmation in opposition to defendants' motion. On November 8, 2010, defendants filed a reply in support of their motion.

On October 13, 2010, plaintiff filed a brief entitled Petition for Injunction of Case No. EDCV 10-01365 Back to Proper Court Civil Case No. 10013595 of Quiet Title in Riverside and Motion to Dismiss Claim of Defendants ("Petition for Injunction"). On November 1, 2010, defendants filed an opposition to this brief.

Having carefully considered the arguments of the parties, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | ED CV 10-1365 CAS (DTBx) | Date | November 18, 2010 |
| Title | BETTY JEAN HARRIS v. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; ET AL. | | |

Plaintiff's Petition for Injunction should be construed as a motion for remand and a motion for preliminary injunction. The Court first considers plaintiff's request to remand the instant action to determine if it has subject matter jurisdiction to consider any other issues currently before it. Although plaintiff's pro se complaint lacks some clarity, on its face it states only one cause of action for quiet title, which is a state claim. Defendants attempt to obscure this fact by arguing that she has made separate claims under each federal statute she mentions in her complaint, but the Court finds that this is not a fair construction of the instant complaint.

Plaintiff may choose to renew her request for preliminary injunction, the gravamen of which appears to be that she has satisfied the debt associated with the mortgage in question, in the state court, which is equally competent to rule on such a matter. Defendants also may choose to renew their motion to dismiss in that venue. Having found that there is no subject matter jurisdiction, this Court declines to rule on any other issues currently before it.

## IV. CONCLUSION

In light of the foregoing, the Court GRANTS plaintiff's motion to the extent it is a motion to remand, and REMANDS the instant case.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |